**FILED - KZ**
May 15. 2026 4:32 PM

U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
_ems_  Scanned by Es/ 5/18

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

**1:26-cv-1614**
**Hon. Paul L. Maloney**
**U.S. District Judge**

ROSALIND RAE KEENAN,

Plaintiff,

v. Case No. _____

OFFICER MATTHEW JAMES HANSON, individually;

and VILLAGE OF WHITE PIGEON,

Defendants.

_____/

COMPLAINT FOR DAMAGES UNDER 42 U.S.C. § 1983 AND JURY DEMAND

Plaintiff Rosalind Rae Keenan, proceeding pro se, files this Complaint for damages and other relief under 42 U.S.C. § 1983 and states as follows:

I. PARTIES

Plaintiff Rosalind Rae Keenan is an adult resident of Michigan.

Plaintiff's address shown in the underlying court notice was 17972 Dickinson Rd., White Pigeon, Michigan 49099.

Defendant Officer Matthew James Hanson was at all relevant times a police officer acting under

1

color of state law for the Village of White Pigeon and/or the White Pigeon Police Department.

Defendant Village of White Pigeon is a municipal entity located in St. Joseph County, Michigan.

The White Pigeon Police Department is the police department through which the Village of White Pigeon acted. Plaintiff names the Village of White Pigeon as the municipal defendant responsible for the police department's policies, customs, training, supervision, discipline, and ratification practices.

II. JURISDICTION AND VENUE

This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

This Court has federal-question jurisdiction under 28 U.S.C. § 1331.

This Court has civil-rights jurisdiction under 28 U.S.C. § 1343.

Venue is proper in the Western District of Michigan because the events occurred in White Pigeon, St. Joseph County, Michigan, within this District.

III. FACTUAL ALLEGATIONS

On or about May 16, 2023, Plaintiff was involved in a police encounter in White Pigeon, Michigan.

Defendant Officer Matthew James Hanson was acting under color of state law during the encounter.

Plaintiff alleges that Officer Hanson stopped, seized, arrested, and used force against her without lawful justification.

Plaintiff alleges that Officer Hanson's stated basis for the stop and arrest was contradicted by video evidence.

Plaintiff alleges that the video evidence showed that Plaintiff used turn signals and did not commit the traffic violations claimed or implied by Officer Hanson.

Plaintiff alleges that she was already outside of the vehicle when Officer Hanson approached her.

Plaintiff alleges that Officer Hanson demanded compliance and escalated the encounter.

Plaintiff alleges that Officer Hanson used unreasonable force against her.

Plaintiff alleges that Officer Hanson placed, pushed, or threw her into the back of a police

2

cruiser.

Plaintiff suffered physical injury, including bruising and pain.

Plaintiff also suffered emotional distress, fear, humiliation, loss of liberty, reputational harm, and other damages.

Plaintiff was subjected to criminal prosecution arising from the incident.

The related criminal matter was filed in the 3-B District Court for St. Joseph County, Michigan.

The underlying state criminal case number was 23-915-FY-1.

The complaint number listed on the state court notice was 0589-23.

The CTN/TCN number listed on the state court notice was 752300078001.

The state court notice identified the agency and officer as Village of White Pigeon and Hanson, Matthew James.

The state court notice listed offenses including Assaulting/Resisting/Obstructing and DWLS/DWLR/DWLD-1st Offense.

Plaintiff alleges that the related criminal case was later dismissed, terminated, or resolved in her favor.

Plaintiff alleges that video evidence, court records, police reports, audio recordings, and photographs exist that are material to these claims.

Plaintiff is still attempting to obtain and preserve all available evidence, including the original video, public video, discovery video, bodycam or dashcam materials, police reports, court records, dismissal records, audio recordings, and photographs of injuries.

Plaintiff files this action to preserve her federal civil-rights claims before the limitations period expires.

IV. COUNT I


UNREASONABLE SEIZURE AND FALSE ARREST

Fourth Amendment / 42 U.S.C. § 1983

Against Officer Matthew James Hanson

3

Plaintiff incorporates the preceding paragraphs as if fully restated.

The Fourth Amendment protects people from unreasonable searches and seizures.

Defendant Officer Matthew James Hanson seized and arrested Plaintiff.

Plaintiff alleges that the seizure and arrest were not supported by lawful justification.

Plaintiff alleges that Officer Hanson's stated basis for the stop, seizure, arrest, and force was contradicted by video evidence.

Defendant Officer Hanson violated Plaintiff's clearly established constitutional rights.

As a direct and proximate result, Plaintiff suffered loss of liberty, physical injury, emotional distress, humiliation, reputational harm, and other damages.

V. COUNT II

EXCESSIVE FORCE

Fourth Amendment / 42 U.S.C. § 1983

Against Officer Matthew James Hanson

Plaintiff incorporates the preceding paragraphs as if fully restated.

The Fourth Amendment protects people from unreasonable force during police encounters, seizures, and arrests.

Plaintiff alleges that she was already outside of the vehicle when Officer Hanson approached her.

Plaintiff alleges that Officer Hanson used force against her and placed, pushed, or threw her into the back of a police cruiser.

Plaintiff alleges that the force used was objectively unreasonable under the circumstances.

Plaintiff suffered physical injuries, bruising, pain, fear, emotional distress, humiliation, and other damages.

Defendant Officer Hanson violated Plaintiff's clearly established constitutional rights.

## VI. COUNT III

MALICIOUS PROSECUTION / WRONGFUL CRIMINAL PROCESS

Fourth Amendment / 42 U.S.C. § 1983

Against Officer Matthew James Hanson

Plaintiff incorporates the preceding paragraphs as if fully restated.

Plaintiff was subjected to criminal prosecution arising from the police encounter.

Plaintiff alleges that Officer Hanson's version of events was false, misleading, incomplete, or contradicted by video evidence.

Plaintiff alleges that the criminal process was initiated or continued based on false, misleading, incomplete, or unsupported information.

Plaintiff alleges that the related criminal case was later dismissed, terminated, or resolved in her favor.

Plaintiff suffered loss of liberty, emotional distress, reputational harm, humiliation, and other damages.

## VII. COUNT IV

MUNICIPAL LIABILITY

Monell Claim / 42 U.S.C. § 1983

Against Village of White Pigeon

Plaintiff incorporates the preceding paragraphs as if fully restated.

Defendant Village of White Pigeon is responsible for the policies, customs, training, supervision, discipline, and ratification practices of its police department.

Plaintiff alleges, upon information and belief, that the Village of White Pigeon maintained policies, customs, practices, failures of training, failures of supervision, failures of discipline, or ratification practices that caused or allowed the constitutional violations described in this Complaint.

Plaintiff alleges that these municipal failures included allowing unsupported stops, unreasonable seizures, unreasonable force, inaccurate or misleading police reporting, and failure to correct or discipline unconstitutional conduct.

Plaintiff alleges that the Village's policies, customs, failures, or ratification were a moving force behind the violation of Plaintiff's constitutional rights.

Plaintiff seeks discovery to determine the full scope of the Village's policies, customs, training, supervision, discipline history, prior complaints, bodycam and dashcam practices, report-review practices, and ratification of Officer Hanson's conduct.

VIII. INJURIES AND DAMAGES

Plaintiff suffered physical injury, bruising, pain, emotional distress, fear, humiliation, reputational harm, loss of liberty, and other damages.

Plaintiff also incurred harm from being subjected to criminal prosecution and public mischaracterization arising from the incident.

Plaintiff seeks all damages available under law.

IX. REQUEST FOR RELIEF

WHEREFORE, Plaintiff Rosalind Rae Keenan respectfully requests that this Court enter judgment in her favor and award:

A. Compensatory damages;

B. Punitive damages against Defendant Officer Matthew James Hanson in his individual capacity;

C. Costs of this action;

D. Leave to supplement and amend as additional evidence and records are obtained;

E. Any other relief the Court finds just and proper.

X. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Date: May 15, 2026

Rosalind Rae Keenan

Plaintiff, pro se

Address: 17972 Dickinson Rd.

White Pigeon, MI 49099

Phone: (269) 214-6933

Email: rosalindrae56@gmail.com